IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY R. RUMPF,

                Plaintiff,

v.

QUORUM FEDERAL CREDIT UNION
and CASE LAW FIRM, S.C.

                Defendants.

OPINION AND ORDER

17-cv-290-wmc

---

Plaintiff Timothy Rumpf alleges defendant Case Law Firm, S.C., violated the Fair Debt Collection Practices Act ("FDCPA") by improperly garnishing his property. Rumpf brings additional state law claims against the Case Law Firm and its co-defendant Quorum Federal Credit Union under this court's supplemental jurisdiction, alleging violations of the Wisconsin Consumer Act ("WCA") and liability for civil theft. Pending before the court is Quorum's motion to dismiss Rumpf's claims against it for improper service under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Dkt. #12.) While it appears that Rumpf failed to serve Quorum timely under Federal Rule of Civil Procedure 4(m), and that no good cause exists to excuse this failure, the court will nevertheless exercise its discretion to permit the claims against Quorum to proceed. Thus, the court will deny Quorum's motion to dismiss, while putting both plaintiff and his counsel on notice that any further failure to follow the Federal Rules of Civil Procedure will be dealt with more harshly.

ALLEGATIONS OF FACT

Plaintiff Rumpf and defendants Quorum and Case Law Firm, Quorum's agent in

debt collection, engaged in litigation in Dane County Circuit Court beginning in 2012 regarding debts Rumpf was alleged to owe Quorum. (Compl. (dkt. #1) ¶ 3.) That court ruled for Quorum, and Quorum began collecting on the judgment by garnishing Rumpf's financial accounts. (*Id.* at ¶¶ 13–14.) Rumpf appealed to the Wisconsin Court of Appeals, which reversed the circuit court's judgment, and remanded the case back to the circuit court, where Rumpf successfully argued that Quorum must repay the garnished funds. (*Id.* at ¶¶ 13, 16; Def.'s Reply, (dkt. #18-1).)

Rumpf then filed this federal claim on April 18, 2017, alleging violations under the FDCPA and WCA, as well as common law civil theft. Pertinent to Quorum's present motion to dismiss, Rumpf alleges that: (1) Case Law's December 14, 2016, brief in the state court action violated the WCA; and (2) the defendants' state-law litigation itself violated the WCA. This court requested proof of service on Quorum on June 23, 2017, and July 5, 2017. On July 5, a paralegal from Rumpf's counsel's firm filed an affidavit stating she had arranged for service of the complaint and summons to that address Quorum had on file with the state court, but that the address was no longer valid. (Chantes Aff. (dkt. #7) ¶ 4.) After acquiring Quorum's new address, the paralegal further avers that she again arranged for service of the complaint and summons at that new address. (*Id.* at ¶ 5.) Despite this, no formal service was accomplished before July 17, 2017, the 90-day deadline for service, as required by Federal Rule of Civil Procedure 4(m). Indeed, *actual* service did not occur until October 6, 2017, almost three months after Rule 4(m)'s deadline and some three months after the paralegal's affidavit attested to having accomplished service. (Aff. of Service on Quorum (dkt. #8).) Soon after,

Quorum filed the present motion to dismiss, arguing that: (1) insufficient service of process required dismissal of the claims under Rule 12(b)(5); and (2) the court does not have personal jurisdiction over an improperly served claim, requiring dismissal under Rule 12(b)(2).

OPINION

I. **Good cause extension**

In general, this court must dismiss a complaint without prejudice "not properly served within 90 days" of filing "or order that service be completed within a specified time." Fed. R. Civ. P. 4(m). Moreover, if the plaintiff shows "good cause" for failing to serve the defendant timely, the court must "extend the service period for an appropriate time." *Id.* A defendant's evasion of service constitutes good cause to extend the service deadline. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

Rumpf argues that Quorum evaded service by failing to update its business address with the Dane County Circuit Court in the then-active state litigation. Rumpf also represents that he attempted internet searches to find Quorum's new business address without success. On the other hand, as defendant points out, Quorum's new address had been updated in two readily accessible places that one would generally look for a current business address of a credit union: (1) the Wisconsin Department of Financial Institutions' database of credit unions; and (2) even more inexplicably given Rumpf's representation that he searched the internet, *Quorum's own website*. (Montano Decl., Exs. 1, 2 (dkt. #17-1, 17-2).)

Even if good cause existed to justify some delay, Rumpf does not dispute

3

possessing Quorum's correct address by July 5, 2017 -- at the latest, twelve days before the service deadline established by Rule 4(m). (Chantes Aff. (dkt. #7) ¶ 5.) Rumpf not only provides *no* reason for failing to accomplish service within that twelve-day span, he does not even attempt to justify the some three-month delay following that deadline, nor explain the failure to ask the court for an extension of the deadline. With no justification for these repeated failures to properly serve Quorum, the court finds no good cause requiring it to extend the service deadline.

## II. Discretionary extension

Even in the absence of good cause, however, Rule 4(m) leaves to the court's discretion whether to set some new specified deadline for service rather than dismiss the lawsuit without prejudice. *See Coleman*, 290 F.3d at 934 (the court may exercise its discretion in extending the service period for "excusable neglect"). In exercising discretion, the court balances the hardships that granting or denying the motion to dismiss would have on the parties by reviewing five factors: (1) the inability to refile the claims because the claims are time-barred, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by denying the motion, (4) whether the defendant had actual notice of the suit, and (5) whether the defendant was eventually served. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1006 (7th Cir. 2011).

The third, fourth, and fifth factors in the *Cardenas* hardship analysis weigh in favor of denying the motion. As an initial matter, Quorum's ability to defend is not

4

prejudiced, as this case is not set for trial until January 22, 2019.[1]  Next, Rumpf eventually served Quorum.  (Aff. of Service on Quorum (dkt. #8).)  Finally, Quorum appears to have had actual notice of this action since May 2017, two months before the original service deadline.  At that time, Rumpf properly served Case Law, who likely informed Quorum of the lawsuit because:  (1) the two parties shared a lawyer-client relationship; and (2) had been co-defendants in litigation with Rumpf for nearly five years.  (Aff. of Service on Case Law (dkt #5).)  For these reasons, Rumpf's failure to comply with the 90-day deadline under Rule 4(m) would seem to impose no hardship on Quorum whatsoever.

In fairness, the other *Cardenas* factors indicate that the court would not impose a hardship on Rumpf by granting Quorum's motion to dismiss.  The applicable statutes of limitations do not appear to bar Rumpf's claims against Quorum.  More specifically, the statute of limitations on Wisconsin Consumer Act claims arising out of credit card transactions, as is the case here, is two years.  Wis. Stat. § 425.307(1) (2015-16).  The date of the last violation of the Wisconsin Consumer Act is the date the statute of limitations begins to run. [2]  *Id.*  Rumpf asserts two separate violations of the Wisconsin

---

[1] Quorum argues the insufficient service of process caused it to miss the Rule 16 scheduling conference, thereby prejudicing it.  However, Quorum does not explain how its absence caused prejudice, and its ability to file this motion proves it can ably defend itself.  Moreover, Quorum can seek any other relief to which it is reasonably entitled at the motion for stay hearing set for next week.

[2] The court also notes that the United States Supreme Court's recent decision in *Artis v. District of Columbia*, 138 S. Ct. 594 (2018), holding that under 28 U.S.C. § 1367(d), the statute of limitations on a claim for which a federal court has exercised its supplemental jurisdiction is tolled while the federal suit is pending.  Thus, if this court dismissed Rumpf's state-law claims, and he chose to refile those claims in state court, the period running from April 18, 2017, to the date of dismissal would not be considered in determining any statute of limitations defense.

Consumer Act. The first claim arose on December 14, 2016, when Case Law noted in a brief that the "vast majority" of Rumpf's debts were due to gambling. The second claim is a course-of-conduct claim, where Quorum's violating conduct ended on May 9, 2017. Under the two-year statute of limitations, therefore, it appears neither claim would be time-barred if the court granted the motion to dismiss, requiring Rumpf to refile.[3] Additionally, Quorum did not evade service, which cuts against denying the motion. *See* discussion *supra* Section 1.

While the *Cardenas* factors do not yield a clear basis for the exercise of discretion under Rule 4(m), other considerations persuade this court to deny the motion. If the court granted Quorum's motion to dismiss, Rumpf would need to refile his claims against Quorum, despite the survival of the same claims asserted against Case Law in this case. This would cause the two cases to proceed on different tracks and create a risk of inconsistent results. Alternatively, Rumpf could move to dismiss without prejudice his claims against Case Law, and refile the same complaint against both defendants, but this result is also undesirable, as it squanders nearly a year of court resources and attention. With the *Cardenas* factors a wash, preserving consistency in results and court efficiency provide reason enough to deny Quorum's motion to dismiss.

Nonetheless, the court finds it appropriate to admonish Rumpf's counsel for failing to comply with Rule 4(m), particularly when repeated, unexplained failures to serve defendants timely would otherwise doom this lawsuit in most circumstances. Worse, this is not the only case where counsel for plaintiff has failed to serve timely a

---

[3] Neither party addresses whether Rumpf's third claim for civil theft under Wis. Stat. § 895.446 would be time-barred.

defendant.  *See Fadera v. Menzel Enters., Inc.*, No. 18-cv-006 (W.D. Wis. Jan. 5, 2018 (dkt. ##23, 27).  The lack of hardship imposed on Quorum for the failure of proper service, as well as the unusual procedural posture of this case, provide Rumpf a narrow path to avoid dismissal of his claims.  Rumpf and his counsel should not expect further indulgence from this court going forward.

ORDER

IT IS ORDERED that defendant Quorum Federal Credit Union's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) (dkt #12) is DENIED.

Entered this 1st day of June, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge